NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FLORENCE FRANKLIN,**

           **Plaintiff,**

**v.**                                      **Case No. 6:17-cv-243-Orl-28KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

           **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the Complaint filed by Plaintiff, Florence Franklin, seeking review of the final decision of the Commissioner of Social Security denying her claim for social security benefits, Doc. No. 1, the answer and certified copy of the record before the Social Security Administration ("SSA"), Doc. Nos. 13, 15, and the parties' Joint Memorandum, Doc. No. 21.[1]

---

[1] In the Scheduling Order, I required counsel for the parties to submit a single, Joint Memorandum with an agreed statement of the pertinent facts in the record. Doc. No. 16. Counsel for Plaintiff was ordered to identify and frame, in a neutral fashion, each of the disputed issues raised as grounds for reversal and/or remand, and counsel for the Commissioner was required to respond to each of those issues in the format set forth in the Scheduling Order. *Id.* at 4. Both parties violated the Scheduling Order. Plaintiff included argument in the Statement of Facts, to which the Commissioner properly objected. Doc. No. 21, at 4-5. The Commissioner included facts in her argument that were not included in the Statement of Facts. *E.g., id.* at 10. Because I have reviewed the record as a whole, these errors do not undermine my recommendation.

NOT FOR PUBLICATION

## PROCEDURAL HISTORY.

In 2013, Franklin filed applications for benefits under the Federal Old Age, Survivors and Disability Insurance Programs ("OASDI"), 42 U.S.C. § 401, *et seq.*, and under the Supplemental Security Income for the Aged, Blind and Disabled Program ("SSI"), 42 U.S.C. § 1381, *et seq.* She alleged that she became disabled on August 6, 2012. R. 168.

After her applications were denied originally and on reconsideration, Franklin asked for a hearing before an Administrative Law Judge ("ALJ"). R. 125. An ALJ held a hearing on June 9, 2015. Franklin, accompanied by an attorney, and a vocational expert ("VE") testified at the hearing. R. 32-54.

After considering the hearing testimony and the evidence in the record, the ALJ issued a decision. R. 10-26. The ALJ found that Franklin was insured under OASDI through December 31, 2018. R. 12. The ALJ determined that Franklin had not engaged in substantial gainful activity since the alleged disability onset date. *Id.*

The ALJ found that Franklin had the following severe impairments: degenerative disc disease of the lumbar spine; hypertension; polymyalgia rheumatica; fibromyalgia; and, obesity. *Id.* The ALJ determined that Franklin did not have a severe mental impairment. R. 13. The ALJ concluded that Franklin did not have an impairment or combination of impairments that met or equaled an impairment listed in SSA regulations. R. 14.

The ALJ found that Franklin had the residual functional capacity ("RFC") to perform sedentary work, as follows:

> The claimant can lift or carry 20 pounds occasionally (up to one-third of the workday) and 10 pounds frequently (up to two-thirds of the workday), stand or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. No more than occasional balancing, stooping, kneeling, crouching, crawling, and

climbing (of ramps or stairs); no climbing ladders, ropes, or scaffolds. The claimant should avoid: overhead lifting, overhead reaching, foot controls, constantly pushing or pulling with the upper extremities, constant vibration, constant temperatures above than 90 degrees or below 40 degrees Fahrenheit, work at heights or with dangerous machinery or dangerous tools.

R. 16. In making this determination, the ALJ found that Franklin's severe impairments could reasonably be expected to cause her alleged symptoms, but that her allegations concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible to the extent that they were inconsistent with the RFC assessment. R. 20.

The ALJ found that Franklin could not perform her past work as an administrative assistant. R. 24. After considering the testimony of the VE, the ALJ concluded that Franklin could perform sedentary work available in the national economy, specifically Secretary (clerical), Referral Clerk, and Receptionist, all of which were available in the national economy. R. 25. Therefore, the ALJ concluded that Franklin was not disabled. *Id.*

Franklin requested review of the ALJ's decision by the Appeals Council. R. 5. On December 9, 2016, the Appeals Council found no reason to review the ALJ's decision. R. 1-3.

Franklin now seeks review of the final decision of the Commissioner by this Court.

## JURISDICTION AND STANDARD OF REVIEW.

Franklin having exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). A court's review of a final decision by the SSA is limited to determining whether the ALJ's factual findings are supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam), and whether the ALJ applied the correct legal standards, *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

## SUMMARY OF THE FACTS.

After a thorough review of the record, I find that the facts are generally adequately stated in the ALJ's decision and the Joint Memorandum, which statement of facts I incorporate by reference. Accordingly, I will only summarize facts pertinent to the issues raised to protect Franklin's privacy to the extent possible.[2]

Franklin was born in 1956. R. 168. She graduated from high school and took some college courses. R. 47. At the ALJ's hearing, Franklin reported that she was 5'5" tall and weighed 195 pounds. *Id.*

Franklin last worked as a senior administrative assistant in August 2012. R. 35. She testified that she stopped working due to pain before she had surgery on her back on November 19, 2012. R. 35-36. She continued to have spinal pain after the surgery. R. 37. She also suffered from rheumatoid arthritis and polymyalgia/fibromyalgia, which affected her ankles, shoulders and lower back and pain radiated down her back and legs. R. 38-41. After she sat for a time, her feet became numb. R. 42. Her feet would also swell up due to medication. R. 46. She could not stand for long periods of time. *Id.* Due to pain, she had difficulty sleeping. R. 41.

Franklin used a riding cart to shop. She sat in a chair when cooking and folding laundry. It hurt her to vacuum or sweep. She could drive for not more than 45 minutes. R. 43, 48. She was able to bathe. Some of her medication adversely affected her balance. R. 45. She tried to attend church every week. R. 48. She used a computer at church, and she had a tablet that she used when sitting in bed. R. 48.

---

[2] Because Franklin does not challenge the finding that she had no severe mental impairment, I will not discuss her mental condition.

4

NOT FOR PUBLICATION

Medical records reflect that Ara J. Deukmedjian, M.D., performed spine surgery on Franklin in November 2012. R. 305-12, 458-60. On November 21, 2012, Franklin reported 50% relief of her symptoms following the surgery. R. 381. On December 19, 2012, Franklin was "doing well." R. 380. On January 30, 2013, Franklin reported 80% relief of lower back and bilateral lower extremity pain. The treatment note reflects good alignment. R. 379.

In February 2013, Franklin sought treatment from Bharat C. Patel, M.D., for low back pain. Dr. Patel observed tenderness in the lumbar and L5-S1 joints. An MRI revealed multilevel spondylosis and degenerative disc disease in the same area. R. 424, 466. On March 14, 2013, Franklin reported back pain radiating to both hips and lower extremities. R. 404. After Dr. Patel administered a nerve block, Franklin reported about 30% relief. R. 412. Dr. Patel also administered steroid injections. R. 467, 470, 472. The steroid injections provided mild relief for a day or so. R. 414.

On June 12, 2013, Jeffrey Poiley, M.D., a rheumatologist, diagnosed polymyalgia rheumatica ("PMR"). R. 599. The records also include diagnoses of fibromyalgia, hypertension, peripheral neuropathy of the feet, and sciatica, among other conditions. R. 284, 287, 778.

Treatment records of Lara Hitchcock, M.D., reflect that Franklin did not report dizziness or difficulty sleeping. *See, e.g.,* R. 602, 605, 617. These records also document that Franklin had a normal gait and was alert and oriented. *See, e.g.,* R. 604, 607, 616.

On July 9, 2013, Nitin Haté, M.D., examined Franklin at the request of the Office of Disability Determinations. Franklin reported that her rheumatoid arthritis was in remission on medications. She had joint pains, but no swelling. Dr. Haté observed that Franklin walked with an antalgic gait due to pain. Straight-leg raising tests were negative for pain and no paravertebral

muscle spasms were observed. Range of motion was normal except in the lumbar spine. Muscle strength was normal. Dr. Haté opined that Franklin's limitations would be secondary to pain. R. 728-30.

On November 24, 2013, Debra Troiano, M.D., prepared a physical capacity assessment after review of the record. Dr. Troiano opined that Franklin could occasionally lift/carry up to 20 pounds and frequently lift/carry up to 10 pounds. She could stand and/or walk and sit up to 6 hours each in an 8-hour workday. She could never climb ladders/ropes/scaffolds but she could occasionally climb ramps/stairs and crouch. She should avoid concentrated exposure to extreme cold and humidity and even moderate exposure to extreme heat and hazards. R. 82-86.

Clinical summaries from Central Florida Family Health Center Southside reflect that Franklin complained of numbness in her feet in December 2013 and June 2014. She reported having "pain all over" in September and December 2013 and in January, June and July 2014. R. 791-92. There are, however, no treatment records from this provider.

On December 12, 2014, Franklin sought emergency department treatment for acute exacerbation of chronic low back pain. The limited records from the hospital reflect that Franklin had a back spasm. R. 763-64.

## ANALYSIS.

In the Joint Memorandum, which I have reviewed, Franklin asserts two interrelated assignments of error. She contends that the ALJ did not thoroughly review the record and failed to state adequate reasons to support the credibility finding. These are the only issues I will address.

"There is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision, as was *not* the case here, is not a broad rejection which

is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the] medical condition as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)(quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). The ALJ's recitation of the evidence in the record shows that she considered the record as a whole. Contrary to the argument of Franklin's counsel, the ALJ specifically discussed fibromyalgia ("FM") and made accommodations for that impairment in the RFC. R. 17 (finding that Franklin was limited to sedentary work due, in part, to fibromyalgia and that constant push/pull of the upper extremities should be avoided because it could impact the back and FM).

The ALJ also followed the pain standard in this Circuit when considering Franklin's credibility. The pain standard in this circuit requires (1) evidence of an underlying medical condition and either (A) objective medical evidence confirming the severity of the alleged pain arising from that condition or (B) that the objectively determined medical condition is of such severity that it can reasonably be expected to cause the alleged pain. *Foote*, 67 F.3d at 1560-61 (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). Once a claimant establishes through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain, "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in decision the issue of disability." *Id.* at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id.* at 1561-62.

The ALJ correctly stated the pain standard. R. 17. She concluded that Franklin's severe impairments could reasonably be expected to cause her alleged symptoms. R. 20. She found,

NOT FOR PUBLICATION

however, that Franklin's "allegations concerning the intensity, persistence, and limiting effects of these symptoms are not fully credible to the extent they are inconsistent with the evidence and the residual functional capacity assessment showing . . . that the claimant can perform sedentary work." R. 20.

The ALJ articulated explicit and adequate reasons to support her credibility finding. First, the ALJ observed that Franklin's activities of daily living were not limited to the extent expected of a totally disabled individual. She cited to evidence that Franklin could drive, attend church, use a computer, perform household chores and care for her personal hygiene. *Id.* Second, the ALJ cited to medical records that undermined Franklin's complaints of dizziness and other side effects of medication. *Id.* As discussed above, Dr. Hitchcock, a treating physician, consistently recorded that Franklin did not complain of dizziness or other side effects of medication, and that she was alert and oriented. Third, the ALJ found that Franklin did not have functional limitations in excess of the RFC assessment based on the frequency, duration or disruption of her routine because of her treatment. R. 20-21. This finding is also supported by substantial evidence in the record. After her back surgery in November 2012, Franklin received treatment at doctor's appointments. She sought emergency department treatment only once in 2014.

In sum, the ALJ articulated specific and adequate reasons to support the credibility finding, and those reasons are supported by substantial evidence. The ALJ's decision also reflects a thorough review of the record. For these reasons, I recommend that the Court find that Franklin's assignments of error are not well taken.

NOT FOR PUBLICATION

## **RECOMMENDATION.**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the final decision of the Commissioner be **AFFIRMED**. I further **RECOMMEND** that the Court direct the Clerk of Court to issue a judgment consistent with its decision on this Report and Recommendation and, thereafter, to close the file.

## **Notice.**

**Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.**

**Respectfully Recommended** this 21st day of May 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE